IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                    CASE NO. 1:22-cv-57-MW-GRJ

CENTRAL INTELLIGENCE AGENCY
et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Pending before the Court are *pro se* Plaintiff's Complaint, ECF No. 1, and Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. 6, in this civil action. In the Complaint, Plaintiff seeks declaratory/injunctive relief and monetary damages against United States intelligence agencies—the Central Intelligence Agency ("CIA") and the National Security Council ("NSC")— as well as the Director of National Intelligence ("Director") based on a variety state law tort claims that do not invoke this court's subject matter jurisdiction. *See* ECF No. 1. On March 8, 2022, the Court issued a Show Cause Order explaining the deficiencies to the Plaintiff and giving him an opportunity to cure them if he wanted to proceed in this Court. Plaintiff has responded to the Show Cause Order,

ECF No. 7, and the response, for lack of a better description, is as confused as the Complaint.

Upon review of the IFP Motion, the Court will grant the motion for the narrow purpose of recommending that this cause be dismissed for lack of subject-matter jurisdiction and improper venue as discussed below.

The deficiencies in the Complaint are not curable.[1] The first problem is that none of the alleged facts occurred anywhere near Florida, let alone in the Northern District of Florida. ECF No. 1 at 7-16. Plaintiff even references service of this lawsuit on the Defendant agencies in the Eastern District of Virginia. *See id*. at 6. The Eastern District of Virginia might be the proper venue if Plaintiff indeed stated a claim. And Plaintiff himself resides in Sarasota, Florida (Middle District of Florida). *Id*. at 25.

Plaintiff attempts to sue the CIA, NSC and the Director in their official capacities for alleged invasion of privacy, defamation and intentional infliction of emotional distress, among other state law claims. *Id*. at 1. It is

---

[1] Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). "Under *Foman,* however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile*.*" *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (*citing Foman,* 371 U.S. at 182, 83 S.Ct. at 230). "This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir.1999) (internal quotation mark and citation omitted).

well settled, however, that a lawsuit against a federal employee in his official capacity—as is the case here—constitutes a lawsuit against the United States. *See Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The United States, in turn, may be sued in federal court "only if Congress has waived sovereign immunity for the lawsuit." *Deaf Smith Cty. Grain Processors, Inc. v. Glickman,* 162 F.3d 1206, 1210 (D.C. Cir. 1998) (citations omitted). Such a waiver must be express and unequivocal, and the Court will strictly construe it. *See Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 2096-97 135 L.Ed.2d 485 (1996) ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims.") (citation omitted).

Construing Plaintiff's Complaint liberally, assuming Plaintiff is attempting to assert a claim against the United States under the Federal Tort Claims Act ("FTCA"), he must first present his claim to the appropriate federal agency. *Adams v. United States,* 615 F.2d 284, 286 (5th Cir. 1980), *clarified on denial of reh'g,* 622 F.2d 197 (5th Cir. 1980) (quoting *Mack v. Alexander,* 575 F.2d 488, 489 (5th Cir.1978)). Once the claim has been denied or six months after the claim has been filed, a plaintiff may bring a lawsuit in federal court. FTCA, 28 U.S.C. § 2675(a).

Under 28 U.S.C. § 2672, "[t]he head of each Federal agency ... may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States...." In interpreting this provision, the courts have held that compliance with the minimal statutory requirements is necessary. "A federal court's power to adjudicate a claim brought against the United States depends solely on whether the claimant has previously complied with the minimal requirements of the statute. 28 U.S.C. § 2675." *Adams*, 615 F.2d at 292. To satisfy section 2675's requirements, a claimant must (1) give the agency written notice of the claim to enable the agency to investigate and (2) place a value on the claim. *See Tidd v. United States,* 786 F.2d 1565, 1567 (11th Cir. 1986). In this case, Plaintiff does not allege that he has satisfied the FTCA's notice requirement.

Alternatively, even assuming Plaintiff is attempting to assert *Bivens* claims, those claims also fail. The availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights was established in *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 396, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971). *Bivens* claims can be brought against federal officers in their individual capacities only; they do not apply to federal

4

officers acting in their official capacities. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Moreover, *Bivens* does not extend to allow causes of action against federal agencies. *F.D.I.C. v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Consequently, Plaintiff cannot bring a *Bivens* suit against the CIA, the NSC or the Director in his official capacity.

All of that said, the appropriate venue for any federal claims asserted against the CIA, the NSC or the Director for alleged conduct that occurred outside of this District would not be this Court.  Venue is proper in a civil action in a judicial district: (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391(b).

In this case, the Northern District of Florida is not the correct district under the venue statute.  The events giving rise to the Complaint occurred in the Eastern District of Virginia (and/or the Districts of Columbia/Eastern District of Maryland) and the only potential defendants are located in those Districts.

Accordingly, it is **ORDERED** that Plaintiff's IFP Motion, ECF No. 6, is **GRANTED**.

It is further **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction and improper venue. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *Lipofksy v. New York State Workers Compensation Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (*citing Costlow v. Weeks*, 790 F.2d 1486 (9th Cir. 1986) (upholding *sua sponte* order to show cause why the complaint should not be dismissed for improper venue)).

**IN CHAMBERS** in Gainesville, Florida this 21st day of March 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PLAINTIFF

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, Plaintiff waives the right to challenge on**

**appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.